IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. |
| ) | |
| CHANG SIK YI  ) | 18 U.S.C. § 1001 |
| ) | |
| Defendant.  ) | |
| _____ ) | |

## INFORMATION

The United States charges that:

### COUNT ONE
### 18 U.S.C. § 1001 - False Statement

1. At all times relevant to this information, the defendant, CHANG SIK YI, was a civilian employee of the Department of Defense (DOD), an agency within the executive branch of the United States government. YI was employed by the United States Army, and he was stationed in the Republic of South Korea, where he worked as a Contracting Officer for the U.S. Army Contract Command Korea (USA-CCK).

2. In his position as a Contracting Officer, YI's duties included overseeing the planning, bidding, and award process for numerous government contracts. One of the contracts YI was charged with overseeing was a contract to provide security guard services at a USA-CCK installation in Seoul, South Korea.

3. At all times relevant to this information, YI developed and maintained a personal friendship with Person A, a Korean national. Person A was employed by a Korean company that, in or around May 2003, bid on and won the security guard contract.

4. On or about July 2, 2003, the wife of Person A provided approximately $4,000 to the wife of YI by wire transfer. On or about July 9, 2003, the wife of Person A provided approximately $3,100 to the wife of YI in Korean bank notes, a form of negotiable instrument used in Korea. YI's wife used a portion of this money to purchase plane tickets for a round trip from Seoul, Korea to Bangkok, Thailand.

5. In or around late July 2003, YI, his wife, Person A, and Person A's wife traveled to Bangkok, Thailand together.

6. Due to the nature of his position, YI was required to file a Confidential Financial Disclosure Report each year with the Office of Government Ethics, which is an agency within the executive branch of the United States government. This form, also known as the "OGE Form 450," required certain members of the executive branch of the United States government to disclose their assets and income, liabilities, outside positions, and gifts and travel reimbursements. The disclosure requirements of the Financial Disclosure Report also applied to spouses of filers.

7. On or about October 20, 2003, YI signed and caused to be filed his Financial Disclosure Report covering the fiscal year 2003, which covered the time period of October 1, 2002 through September 30, 2003. In it, he did not disclose the money received from Person A's wife in either the income or gifts and travel reimbursement sections.

8. In or about October 2004, in a matter within the jurisdiction of the executive branch of the Government of the United States, the defendant CHANG SIK YI made a materially false, fictitious, and fraudulent statement, that is, the defendant signed and caused to be filed a Confidential Financial Disclosure Report stating that neither he nor his wife had received any income (other than his U.S. government salary) or gifts or travel

reimbursement, when in fact he and his wife had received a total of at least approximately $7,100 from the wife of Person A.

**All in violation of Title 18, U.S.C. § 1001(a)(2), and within the extraterritorial jurisdiction of the United States, pursuant to 18 U.S.C. § 3238.**

WILLIAM M. WELCH II
Chief
Public Integrity Section

_____
John P. Pearson
Trial Attorney

Date: 10/23/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. |
| | ) | |
| CHANG SIK YI | ) | 18 U.S.C. § 1001 |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT

The United States of America and Chang Sik Yi (hereinafter referred to as the "defendant") enter into the following agreement:

### Charges and Statutory Penalties

1. The defendant agrees to waive venue and plead guilty to Count One of the Information, Making a False Statement, in violation of Title 18, United States Code, Section 1001.

2. The defendant understands that Count One has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

   a. First, the defendant knowingly and willfully made a statement;

   b. Second, that the statement was false;

   c. Third, that the falsity related to a material matter; and

   d. Fourth, that the false statement was made or used in relation to a matter within the jurisdiction of a department or agency of the United States.

3. The defendant understands that pursuant to 18 U.S.C. § 1001, Count One carries a maximum sentence of five years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three year term of

1

supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

### Venue

4.     The Defendant agrees, for purposes of entering his initial appearance, arraignment, plea of guilty, sentencing and all other appropriate proceedings relevant to the filing of this agreement, to consent to the jurisdiction of the United States District Court for the District of Columbia. The Defendant expressly waives his right to object to venue in the District of Columbia.

### Factual Stipulations

The defendant agrees that the attached Factual Basis for Plea fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty. The defendant knowingly, voluntarily, and truthfully admits the facts set forth in the Factual Basis for Plea.

### Sentencing

5.     The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and

understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

6. The Public Integrity Section, Criminal Division, United States Department of Justice (hereinafter "Public Integrity") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, Public Integrity further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the court, except as expressly provided in this plea agreement.

**Sentencing Guidelines Stipulations**

8. The defendant understands that the sentence in this case will be determined by the

Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> 2005 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

    a.    <u>Base Offense Level under the Guidelines</u>:    6 (U.S.S.G. §2B1.1(a)(2))

    b.    <u>Acceptance of Responsibility</u> :    -2

    c.    <u>Total Offense Level:</u>    4

The parties agree that, if applicable, the total loss amount in this case is $7,100. Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of Public Integrity, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, Public Integrity agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

Public Integrity, however, may oppose any adjustment for acceptance of responsibility if the defendant:

    i.    fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

    ii.    challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

    iii.    denies involvement in the offense;

    iv.    gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

4

      v.      fails to give complete and accurate information about the defendant's financial status to the Probation Office;

      vi.      obstructs or attempts to obstruct justice, prior to sentencing;

      vii.      has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

      viii.      fails to appear in court as required;

      ix.      after signing this Plea Agreement, engages in additional criminal conduct; or

      x.      attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen or greater, Public Integrity agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting Public Integrity to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines Offense Level is **Four**.

      a.      The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or

seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

**Agreement as to Sentencing Allocution**

9.     The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, although not binding on the probation office or the court, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above.

**Substantial Assistance**

10.    The defendant agrees to cooperate fully with Public Integrity by:

    a.     providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by Public Integrity, whether in interviews, before a grand jury, or at any trial or other court proceeding;

    b.     waiving the defendant's right to have counsel present at all debriefings by law enforcement agents and government attorneys in order to facilitate the defendant's cooperation. The defendant may revoke this waiver at any time

       by a specific request or through the defendant's counsel without affecting the terms and enforceability of this Agreement;

c.    appearing at such grand jury proceedings, hearings, trials, depositions, and other judicial proceedings, and at meetings, as may be required by Public Integrity;

d.    if requested by Public Integrity, working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct under the supervision of, and in compliance with, law enforcement officers and agents; and

e.    waiving any right to a prompt sentencing and joining in any requests by Public Integrity to postpone the defendant's sentencing until the defendant's cooperation is complete. The defendant understands that the date of sentencing is within the sole discretion of the court, and that this agreement may require the defendant to cooperate even after the defendant has been sentenced. The defendant's failure to cooperate pursuant to the terms of this Agreement after sentence has been imposed shall constitute a breach of this Agreement.

11.    Public Integrity reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of Public Integrity the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from *the advisory sentence*

calculated under the Sentencing Guidelines, Public Integrity may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require Public Integrity to file any such motion(s) and that Public Integrity's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of Public Integrity's filing of any such motion is concerned.

12. The defendant understands and acknowledges that the Court is under no obligation to grant the Section 5K1.1 or Rule 35 motions referenced above should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

### Court Not Bound by the Plea Agreement

13. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Appeal Waiver**

14.  The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concessions made by Public Integrity in this Agreement, the defendant knowingly and voluntarily waives his right to appeal or collaterally challenge: (a) the defendant's guilty plea and any other aspect of the defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and (b) the defendant's sentence or the manner in which his sentence was determined pursuant to 18 U.S.C. §3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum, or the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a).

15.  The defendant further understands that nothing in this agreement shall affect Public Integrity's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if Public Integrity appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with Public Integrity, to request that the district court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

16. The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in the D.C. Circuit or Supreme Court cases decided after the date of this Agreement that are held by the D.C. Circuit or Supreme Court to have retroactive effect.

### Restitution

17. In addition to the other penalties provided by law, the Court may also order the defendant to make restitution under 18 U.S.C. § 3663A. The defendant understands that restitution may be ordered by the Court to all victims of the defendant's criminal conduct and not merely for those victims included in the count to which the defendant agrees to plead guilty.

### Breach of Agreement

18. The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement. In the event of such a breach: (a) Public Integrity will be free from its obligations under the Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) Public Integrity will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all the defendant's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

19. The defendant understands that Federal Rule of Criminal Procedure 11(f) and

statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information, and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules.

20. The defendant understands and agrees that Public Integrity shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that Public Integrity need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

21. Nothing in this Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Agreement or committed by the defendant after the execution of this Agreement. The defendant understands and agrees that Public Integrity reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

22. It is further agreed that should any conviction following the defendant's plea of

guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that Public Integrity has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Termination and Debarment**

23.     Defendant has been terminated from his employment with the United States Army, has been suspended from contracting with any agency in the executive branch of the United States Government, and his security clearance has been suspended. As a part of this Plea Agreement, Defendant agrees: (1) to withdraw his objections to the termination of his employment and security clearance and to his suspension from government contracting; (2) to the immediate, permanent suspension of his security clearance; (3) to consent to immediate, permanent debarment from government contracting; and (4) to not seek future employment with any U.S. Government federal agency.

**Complete Agreement**

24.     No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for Public Integrity.

25. The defendant further understands that this Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice. This Agreement does not bind the Civil Division or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

26. If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by the defendant and by defense counsel.

Respectfully submitted,

WILLIAM M. WELCH II
Chief
Public Integrity Section

By: *[signature]*
John P. Pearson
Trial Attorney
Public Integrity Section
1400 New York Ave. NW
Washington, DC 20005
(202) 514-1412

13

## DEFENDANT'S ACCEPTANCE

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with Public Integrity. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement is in my best interest.

Date: 2 October 2007

_____
Chang Sik Yi
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 23/Oct/07

_____
Jensen E. Barber, Esquire
Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. |
| | ) | |
| CHANG SIK YI | ) | 18 U.S.C. § 1001 |
| | ) | |
| Defendant. | ) | |

## FACTUAL BASIS FOR PLEA

The United States of America, by and through its undersigned attorneys within the United States Department of Justice, Criminal Division, Public Integrity Section, and the Defendant, CHANG SIK YI, personally and through his undersigned counsel, hereby stipulate to the following facts pursuant to United States Sentencing Guidelines § 6A1.1 and Rule 32(C)(1) of the Federal Rules of Criminal Procedure, that at all relevant times, in Seoul, Korea and elsewhere:

1. The defendant, CHANG SIK YI, was a civilian employee of the Department of Defense (DOD), an agency within the executive branch of the United States government. YI was employed by the United States Army, and he was stationed in the Republic of South Korea, where he worked as a Contracting Officer for the U.S. Army Contract Command Korea (USA-CCK).

2. In his position as a Contracting Officer, YI's duties included overseeing the planning, bidding, and award process for numerous government contracts. One of the contracts YI was charged with overseeing was a contract to provide security guard services at a USA-CCK installation in Seoul, South Korea.

3.  At all relevant times, YI developed and maintained a personal friendship with Person A, a Korean national. Person A was employed by a Korean company that, in or around May 2003, bid on and won the security guard contract.

4.  On or about July 2, 2003, the wife of Person A provided approximately $4,000 to the wife of YI by wire transfer. On or about July 9, 2003, the wife of Person A provided approximately $3,100 to the wife of YI in Korean bank notes, a form of negotiable instrument used in Korea. YI's wife used a portion of this money to purchase plane tickets for a round trip from Seoul, Korea to Bangkok, Thailand.

5.  In or around late July 2003, YI, his wife, Person A, and Person A's wife traveled to Bangkok, Thailand together.

6.  Due to the nature of his position, YI was required to file a Confidential Financial Disclosure Report each year with the Office of Government Ethics, which is an agency within the executive branch of the United States government. This form, also known as the "OGE Form 450," required certain members of the executive branch of the United States government to disclose their assets and income, liabilities, outside positions, and gifts and travel reimbursements. The disclosure requirements of the Financial Disclosure Report also applied to spouses of filers.

7.  On or about October 20, 2003, YI signed and caused to be filed his Financial Disclosure Report covering the fiscal year 2003, which covered the time period of October 1, 2002 through September 30, 2003. In it, he did not disclose the money received from Person A's wife in either the income or gifts and travel reimbursement sections.

8. In or about October 2004, in a matter within the jurisdiction of the executive branch of the Government of the United States, the defendant CHANG SIK YI made a materially false, fictitious, and fraudulent statement, that is, the defendant signed and caused to be filed a Confidential Financial Disclosure Report stating that neither he nor his wife had received any income (other than his U.S. government salary) or gifts or travel reimbursement, when in fact his wife had received a total of at least approximately $7,100 from the wife of Person A.

Dated: /0. 2 . 2007.

FOR THE DEFENDANT

_____
CHANG SIK YI
Defendant


_____
JENSEN BARBER
Counsel for the Defendant

FOR THE UNITED STATES

WILLIAM M. WELCH II
Chief
Public Integrity Section


By: _____
JOHN P. PEARSON
Trial Attorney


U.S. Department of Justice
Criminal Division
Public Integrity Section
10th & Constitution Ave., NW
Bond Building
Washington, DC 20530
(202) 514-1412
John.pearson@usdoj.gov