IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-285-01 (RCL) |
| | ) | |
| CHANG SIK YI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CHANG SIK YI'S MEMORANDUM IN AID OF SENTENCING**

Defendant Chang Sik Yi, through undersigned counsel, hereby submits this Memorandum in Aid of Sentencing.

## I. INTRODUCTION

On September 12, 2007, the defendant, Mr. Chang Sik Yi, pursuant to a written plea agreement, entered a plea before this Court to a one count information of false statements in violation of 18 U.S.C. § 1001(a)(2)[1] for failure to file a Confidential Financial Disclosure Report, aka, "OGE Form 450, reporting some seven thousand dollars his wife had received in 2003. Neither counsel nor Mr. Chang Sik Yi offers any excuse for his actions. But the context of his life before and after the time of this incident, as discussed in detail below, is relevant, we respectfully submit, to the Court's determination of a sufficient punishment. Sherry Brandon prepared the Presentence Investigation Report ("PSIR") in this case. By Ms. Brandon's calculation, the Court should consult an advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 0 to 6 months.

---

[1] This offense carries a maximum penalty of five years and/or a $250,000 fine, and a three year term of supervised release. There is no mandatory-minimum sentence.

Notwithstanding the guideline range, after Booker,[2] and a ruling in a recent Guidelines case, *Gall v. U.S.* (06-7949), the Court — by a 7-2 vote — cleared the way for judges to impose sentences below the specified range and still have such punishment regarded as "reasonable." The Justices, in an opinion written by Justice John Paul Stevens, told federal appeals courts to use a "deferential abuse-of-discretion standard" even when a trial sets a punishment below the range[3].

A district court should begin by correctly calculating the applicable Guidelines range. The Guidelines are the starting point and initial benchmark but are not the only consideration. After permitting both parties to argue for a particular sentence, the judge should consider all of 18 U. S. C. §3353(a)'s factors to determine whether they support either party's proposal[4]. as Ms. Brandon recognizes, a sentencing court, in determining a reasonable and just sentence, must consider a defendant's background, along with his applicable Guidelines range and the other sentencing factors

---

[2] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Consolidated with United States v. Fanfan, 543 U.S. 220, 125 S.Ct. 738 (2005) See also Gall v. United States, 552 U.S. _____ No. 06–7949. Argued October 2, 2007—Decided December 10, 2007.

[3]. Because the Guidelines are now advisory, appellate review of sentencing decisions is limited to determining whether they are "reasonable," *United States v. Booker*, 543 U. S. 220, and an abuse-of discretion standard applies to appellate review of sentencing decisions

[4] The district court may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented. If the judge decides on an outside-the-Guidelines sentence, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variation. He must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. In reviewing the sentence, the appellate court must first ensure that the district court made no significant procedural errors and then consider the sentence's substantive reasonableness under an abuse-of-discretion standard, taking into account the totality of the circumstances, including the extent of a variance from the Guidelines range, but must give due deference to the district court's decision that the §3553(a) factors justify the variance. *Gall v. United States*.

set forth in 18 U.S.C. § 3553(a)[5]. An appraisal of these factors leads to the clear conclusion that a sentence within the Guidelines range would represent a just punishment. We respectfully submit that a period of probation of one year, promotes respect for the law, affords adequate deterrence, and, most importantly, it would represent a just punishment.

## II. FEDERAL SENTENCING SCHEME AFTER BOOKER/FANFAN

Section 3553 of Title 18 of the United States Code is the statutory basis of the Federal sentencing structure. Congress delegated to the United States Sentencing Commission, pursuant to 18 U.S.C. §§ 993 and 994, authority to enact the United States Sentencing Guidelines. In *Mistretta v. United States*, 488 U.S. 361 (1989), the Supreme Court upheld the Sentencing Reform Act of 1984 ("SRA") and Congress' delegation of power to the Sentencing Commission.

In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the Supreme Court ruled that the Sixth Amendment, as interpreted by the Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), mandates that the Guidelines can no longer operate as mandatory sentencing rules. The Court reaffirmed the Court's holding in *Apprendi v. United States*, 530 U.S. 466 (2000). That is, any fact, other than a prior conviction, that increases the penalty for a crime beyond the facts established by a guilty plea or jury verdict must be proved to a jury beyond a reasonable doubt or admitted by the defendant. *Booker*, 125 S.Ct. at 760-61.

In the second part of the decision, the Court held that two provisions of the SRA, 18 U.S.C. § 3553(b)(1) (the provision of the federal sentencing statute which requires sentencing courts to impose a sentence within the applicable Guidelines range, absent a basis for departure) and 18

---

[5] See ¶ 66, Page 12, Initial Presentence Report, dated February 1, 2008.

U.S.C. § 3742(e) (the provision that establishes standards for appellate review) must be severed and excised. *Id.*, at 764. Thus, the Guidelines are now "effectively advisory." *Id.*, at 743. A sentencing court is court is not required to adhere to the Guidelines. *United States v. Price*, 409 F.3d 436, 442 (D.C. Cir. 2005). Nevertheless, a sentencing court is still required to "consult [the] Guidelines and take them into account when sentencing." . *Id.* , at 435 (*quoting* , at 435 (*quoting Booker*, 125 S.Ct. at 745).

Section 3553(a) requires sentencing courts "to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in the SRA.

Those purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a)(2)(emphasis added).

In determining the sentence minimally sufficient to comply with Section 3553(a)(2), the sentencing court must consider several factors listed in Section 3553(a). These are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the kinds of sentence available"; (3) the Guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) Guideline range; (4) "the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty

of similar conduct"; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1), (a)(3)--(a)(7).

### III. DISCUSSION

After examining the facts in this case and applying all of the Section 3553(a) factors, we ask the Court to impose a sentence that would require no more than a one year period of probation.. This requested sentence, we submit, is no greater than necessary to achieve the goals of the SRA.

#### A. Nature and Circumstances of Offense and History and Characteristics of Mr. Chang Sik Yi (18 U.S.C. § 3553(a)(1)).

Mr. Chang Sik Yi has admitted to committing this offense and has accepted responsibility. Otherwise, he has been a model citizen, absent this aberration. He earned a bachelor of Science Degree in 1992 from Phillips University in Enid, Oklahoma. He was graduated *magna cum laude*. From 1993 until 2007, a period of 14 years, Chang was a civilian employee of the Department of Defense (DOD). He received outstanding performance reports. Now, as a result of this infraction, Mr. Chang Sik Li, has lost his job, his retirement with the government, his security clearance. He is permanently suspended and debared from government contracting, and, he agreed not to seek future employment with any US Government agency. He has withdrawn his objections to the termination of his employment. See *Exhibit One*, Letter withdrawing objections.

He has two sons, one in college and one in high school. He has a very supportive family and lives now with his aunt, Mrs. Marshall with his wife and younger son. As his wife reported, Chang is a good man and a good Christian. He made a mistake and he has paid terrible consequences for that error in judgment. Under the Guidelines, courts are not to consider a defendant's family ties and

responsibilities and community ties. See, U.S.S.G. § 5H1.6. However, "the [G]uidelines' prohibition of considering these factors cannot be squared with § 3553(a)(1)'s requirement that the court evaluate the "history and characteristics" of Mr. Chang Sik Yi. See United States v. Ranum, 353 F.Supp.2d 984 (E.D. Wis. 2005).

The PSIR shows that Mr. Chang Sik Yi had a good childhood and still cares for his father. PSIR, at ¶ 31. The Government agreed to allow Mr. Chang Sik Yi to return to Korea and care for his father on an as-needed basis. He has played an important role in the lives of his children, his siblings and father.

No one attempts to excuse or minimize Mr. Chang Sik Yi's offense. All, however, paint a picture of a man who is loved and who respects others. If the Court were to incarcerate Mr. Chang Sik Yi it would have a profoundly adverse impact on his children and his family. He is not a person who needs to be incarcerated; any prison time will not benefit society.

The PSIR in this case states that Mr. Chang Sik Yi has no previous convictions. He drinks rarely and does not use drugs. Id. at ¶¶ 42 through 43. He loves and he is loved by his family and friends. All of this shows that Mr. Chang Sik Yi is a productive member of society.

### B. The Kinds of Sentences Available (18 U.S.C. § 3553(a)(3)).

Since the Guidelines are now advisory, the sentencing table and the restrictions on probationary sentences, sentences of home confinement, and split sentences in U.S.S.G. §§ 5A, 5B1 and 5C1 are also advisory. Notwithstanding, the offense to which Mr. Chang Sik Yi has pled guilty calls for a 0-6 month sentence and is eligible for probation.

### C. Guidelines Range (18 U.S.C. § 3553(a)(4) & (a)(5))

The PSIR writer has correctly calculated the recommended Guidelines range to be 0 to 6 months

imprisonment. Id. at 60. The Guidelines also recommend a fine in the range of $500 to $5,000. U.S.S.G. §5E1.2(c)(3) Id. at ¶ 74. For the reasons set forth by the PSIR writer, we ask the Court not to impose a fine in this case. Id. at ¶ 58.  It should be noted that the parties agreed to a base offense level of 6, reduced by 2 levels for acceptance of responsibility.  This would result in a level 4, Criminal History of One, sentence of 0-6 months.  Id at ¶ 62.  Ms. Brandon added 2 levels for the loss amount of $7,100, pursuant to U.S.S.G. §2B1.1(b)(1)(B). This factor was discussed between the parties; the government maintained that the two levels for loss amount would not be added. We contended otherwise.  Nevertheless, the sentence remains the same, 0-6 months.  Because the sentence range is within Zone A, a sentence of imprisonment in not required; the court, at its discretion may impose a term of supervised release. Id at ¶ 65.

> **D. The Need to Avoid Unwarranted Sentence Disparities Among Defendants With Similar Records Who Have Been Found Guilty of Similar Conduct (18 U.S.C. § 3553(a)(6)).**

Section 3553(a)(6) directs sentencing judges to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

> **E. The Need to Provide Restitution to Any Victims of the Offense (18 U.S.C. § 3553(a)(7)).**

Section 3553(a)(7) directs sentencing judges to consider "the need to provide restitution to any victims of the offense." There are no discernable victims who incurred a financial loss in this case. PSIR ¶ 14.

## IV. CONCLUSION

The Sentencing Reform Act provides a list of goals for sentencing judges to consider when imposing sentence, including: (1) promoting respect for the law, (2) providing just punishment for the offense given the circumstances, (3) affording adequate deterrence for criminal conduct, (4) protecting the public, and (5) providing Mr. Chang Sik Yi with reasonable rehabilitative services. A sentence of probation will achieve the above-listed objectives. We ask that the Court sentence him to probation, without a fine and not order restitution.

                Respectfully submitted,

                _____/s/_____
                JENSEN E. BARBER II
                Unified Bar # 376-325
                Counsel for Chang Sik Yi
                400 7TH Street, NW
                Suite 400
                Washington, D.C. 20004-2242
                202.737.8511

Dated: February 29, 2008

CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Defendant Chang Sik Yi's Memorandum in Aid of Sentencing to be served by the Court's electronic filing system and by electronic transmission on this 3rd day of March 2008 to the following:

DOJ Attorney John P. Pearson
1400 new York Avenue, NW
Public Integrity Section
12th Floor
Washington, D.C. 20530

Sherry Brandon
United States Probation Officer
United States District Court
for the District of Columbia
3rd Street & Constitution Avenue, N.W.
Washington, D.C. 20001

_____/s/_____
JENSEN E. BARBER II