UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA      )
                              )
                              )
        v.                    )    Docket No. CR-07-285-01
                              )
                              )
                              )
    Chang-Sik Yi               )
                              )
                              )


**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**




                              Public Integrity Section
                              U.S. Department of Justice
                              Criminal Division
                              1400 New York Avenue, NW
                              Washington, DC  20005

**INTRODUCTION**

The Government respectfully submits this motion in response to Defendant Chang Sik Yi's sentencing memorandum. Yi, a former Contracting Officer for the United States Army, was convicted on November 20, 2007 of 18 U.S.C. § 1001(a)(2) in connection with failing to disclose to the Office of Government Ethics his and his wife's receipt of monies from an employee of a company who bid on and won a contract which Yi was in charge of overseeing. As discussed in Probation's Pre-Sentence Investigation Report ("PSR"), with respect to Yi's sentence for the crime of conviction, the United States Sentencing Guidelines provide a range of imprisonment from 0 to 6 months along with the possibility of, among other things, probation, a fine, and community service.

The reasonableness of any sentence must be assessed in light of the totality of the circumstances in this case, including: the fact that the defendant's greed led him to commit this crime despite his enjoyment of a comfortable lifestyle, the injury that the defendant's crime inflicted on the image of the United States Government, and the need to deter others from engaging in similar criminal activity. *See* 18 U.S.C. § 3553(a); *United States v. Booker*, 543 U.S. 220, 263 (2005). In light of these and other factors, the

Government respectfully submits that a term of five years of probation[1] along with a fine and community service would be a reasonable sentence in this case.

**ARGUMENT**

Yi's sentencing memorandum requests that the Court sentence him to the lower end of the Guideline's range, specifically one year of probation with neither a fine nor community service. In support of this request, Yi cites his professional attributes and the collateral consequences already suffered as a result of his conviction. As explained below, Yi's reliance on these two factors is misplaced.

**I. Yi's Abuse Of His Position Of Trust Counsels Against Awarding Him The Requested Leniency**

Yi suggests that he should only serve one year probation given his level of performance as an employee of the U.S. Department of Defense ("DOD"), prior to his engaging in a crime. Yi, however, does not support his claim with reference to particular good deeds that he performed in the course of his service. Instead, Yi summarily concludes that he received "outstanding

---

[1] Yi's sentencing memorandum notes that the Government agreed to allow Yi to return to Korea in order to care for his father on an "as-needed basis." In the event the Court imposes a sentence of probation, the Government respectfully requests that any such travel by Yi is approved by the Court and U.S. Probation in advance.

3

performance reports" during his employment.[2]  Moreover, the record does not demonstrate any distinction between Yi and countless other civilian DOD employees whom, unlike Yi, are able to maintain the integrity on which the United States Government depends.

Rather than providing mitigation for the convicted crime, Yi's position with DOD makes his greed and criminal conduct all the more reprehensible.  The record reflects that by committing the instant crime Yi violated his duty of loyalty to the United States Government.  During the relevant time period, Yi served as a Contracting Officer for the United States Army.  Yi's duties included overseeing the planning, bidding, and award process for numerous government contracts.  To that end, Yi was in a position of trust and owed a duty of loyalty to the United States Government in connection with awarding such contracts.  Yi and his wife, however, chose to accept

---

[2] Even if Yi had provided support for his alleged outstanding service, additional credit for such claim would not be warranted.  In calculating Yi's sentencing range under the Guidelines he has received all due credit.  Yi received a two-level reduction of the offense level for his acceptance of responsibility.  Yi also received credit by not having the offense level increased based on an "abuse of trust" enhancement.

monies from an employee of a company that bid on and won a contract that Yi was, in fact, charged with overseeing.

As indicated by the conviction at hand, when it came time to submit his Confidential Financial Disclosure Report to the Office of Government Ethics, Yi falsely stated that neither he nor his wife received anything of value from the contractor in question.  Thus, while he purported to be serving faithfully, Yi abused his position of trust and violated his duty of loyalty to the United States Government by committing the instant crime.  In so doing, Yi did a great *disservice* to the image of the DOD -- a disservice that must be weighed against any purported benefit that he provided them.

### II. Yi Unpersuasively Seeks Leniency Based On Collateral Consequences Common To Nearly All Criminal Defendants

In his sentencing memorandum, Yi points out that "as a result of this infraction" Yi has, among other things, lost his job, forfeited his security clearance, and is barred from government contracting.  A defendant's subsequent difficulty obtaining employment is one of the most universal consequences flowing from a felony conviction. That is the case in drug convictions, securities fraud convictions, money laundering convictions, and every other type of felony conviction.  As such, it should not justify

5

the imposition of a sentence at the low end of the Guidelines range.

Yi also argues that a greater sentence would have "a profoundly adverse impact on his children and his family." While any trauma caused to Yi's family due to sentencing is deeply regrettable, it is important to note that the cause of the trauma is Yi's own wrongdoing.  Moreover, similar to loss of employment, the loss of Yi's emotional support as a result of sentencing is a consequence common to all criminal defendants.  At least in this case, based on the PSR, it appears that Yi's family is not uniquely dependent on this defendant for its financial, emotional, or physical well-being as Yi's children will retain the support of their mother and extended family.

### III. A Fine Is Important In This Case To Ensure That Yi Is Not Allowed To Profit From His Criminal Activity

Without an identifiable victim, restitution cannot be ordered.  Here, the Probation Department has expressed an opinion that there is no victim in this case.  Thus, the only way to force Yi to disgorge the monies he received would be through a fine.  Pursuant to the Guidelines, the range for a potential fine in this case is $500 to $5,000. In an effort to recover a portion of the money that Yi and

his wife received from the contractor,[3] the Government respectfully requests that the Court impose a fine at the higher end of this range.

Further, disgorgement through a fine is appropriate here given the fact that Yi's greed led him to commit the crime of conviction. Yi did not commit this crime because he needed to feed his family or preserve his physical safety. As discussed in both the PSR and Yi's sentencing memorandum, Yi is well-educated and, prior to engaging in this crime, Yi enjoyed a comfortable lifestyle.

## CONCLUSION

For the foregoing reasons, the Government respectfully urges the Court to reject the Defendant's request for a sentence of one year of probation. The Government further submits, respectfully, that in considering the Guidelines range and all of the factors listed in 18 U.S.C. § 3553(a) a term of five years of probation along with a fine and community service would be a reasonable sentence in this case.

---

[3] It is uncontested that Yi and his wife received approximately $7,100.

7

```
DATED: March 6, 2008
       Washington, D.C.

                                  Respectfully submitted,


                                  William M. Welch II, Chief
                                  Public Integrity Section

                           By:
                                  /s/ Justin V. Shur_____
                                  John P. Pearson
                                  Justin V. Shur
                                  Trial Attorneys
                                  U.S. Department of Justice
                                  Criminal Division
                                  Public Integrity Section
                                  1400 New York Avenue, NW
                                  Washington, DC  20005
                                  Tel: (202) 514-1412
                                  Fax: (202) 514-3003


cc:  Jensen E. Barber, Esq.
     Sherry Brandon, United States Probation
```

**CERTIFICATE OF SERVICE**

  I, Justin V. Shur, hereby certify that on March 6, 2008, I caused a copy of the foregoing Government's Response To Defendant's Sentencing Memorandum to be served by U.S. mail upon the following parties:

  Jensen Barber II
  Law Offices of J.E. Barber, P.C.
  400 Seventh Street, NW, Suite 400
  Washington, DC 20004

  Sherry Brandon
  United States Probation
  333 Constitution Avenue, NW
  Washington, DC 20001

DATED: March 6, 2008
   Washington, D.C.

            _/s/ Justin V. Shur__
            Justin V. Shur
            Trial Attorney
            Public Integrity Section
            United States Department of Justice
            Criminal Division
            1400 New York Avenue, NW
            Washington, DC 20005
            Tel: (202) 353-8845
            Fax: (202) 514-3003